**Virginia B. MEMMOTT et al.,
Plaintiffs and Appellants,**

**v.**

**Hazel BOSH and the State of Utah Department of Social Services, Division of Family Services, Defendants and Respondents.**

**No. 13316.**

Supreme Court of Utah.

April 4, 1974.

 

Udell R. Jensen, Nephi, for plaintiffs and appellants.

James P. McCune, Provo, Milton T. Harmon, Nephi, Vernon B. Romney, Atty. Gen., Salt Lake City, for defendants and respondents.

ELLETT, Justice:

The plaintiffs appeal from a summary judgment quieting title to some realty in defendant Bosh.

In a divorce case Virginia Memmott, the wife, and one of the appellants herein, received a one-half interest in and to the real property in question. The other one-half was given to the five minor children of the parties to the divorce suit, so that each child held a one-tenth interest as tenants in common with each other and with their mother. Only the interests of the mother and two of the children, Emarie and Kathleen, are involved in this appeal.

From the pleadings and affidavits on file it is made to appear that Virginia was confined to the state mental hospital in 1943 and treated for schizophrenia, paranoid type; that the divorce proceeding caused her condition to worsen, so that on August 10, 1954, she was incompetent to manage her affairs and that on said date she entered into a contract of sale of the realty to the defendant; that she was recommitted to the state mental hospital for treatment July 18, 1955, and discharged in March, 1957, but was kept on probation for six years; that she attempted to rescind the contract of sale to the defendant on a claim of incompetency on February 26, 1956. It further appears that the defendant has been in exclusive possession of the property since August 11, 1954, and has paid all taxes thereon and has made improvements thereon.

As to the claims of Kathleen and Emarie it is clear that they became of age as follows: Emarie on December 12, 1956, and Kathleen on October 22, 1960. They had a guardian during their minority, and on October 3, 1960, the defendant offered in writing to buy the interest of the minor children for the sum of $1,000 payable in installments. On October 28, 1960, the guardian filed a petition for confirmation of sale, which came before the court on November 14, 1960, and was continued to January 10, 1961, and was finally heard and granted on March 8, 1961. A guardian's deed was issued August 19, 1965.

This suit was commenced by Virginia and Emarie on September 17, 1971, to restore plaintiffs to possession and to quiet title in them to six-tenths interest in and to the realty. Later Kathleen was made a plaintiff and claimed an additional one-tenth interest in the realty.

The defendant claims title by reason of adverse possession and asserts that there are no disputed issues of material facts and that as a matter of law she is entitled to the summary judgment as rendered.

We think there are genuine issues of fact to be resolved:

1. On August 10, 1954, was Virginia competent to enter into the contract of sale?

2. Has the statute of limitations run against the appellants?

3. Are the appellants estopped to deny that title is in the respondent?

In the absence of an estoppel the defendant cannot prevail over the interests of Emarie and Kathleen for the reason that when a minor attains majority status the guardian has no further rights in the estate and only has a duty to account to or to make a settlement with his former wards. Section 75–13–14, U.C.A.1953, provides: "The power of a guardian of a minor shall be terminated: first by order of

the court; second, by the ward's attaining majority; . . ."

█ At the time the guardian attempted to sell and at the time of filing the petition for confirmation, he had no authority to dispose of the interests of those wards who had attained their majority. See Bancroft Probate Practice 2nd Ed. Section 1436 at page 404 and Section 1437 at page 409.

█ The statute of limitations does not run between co-tenants unless and until there is manifested a determination on the part of the one in possession to exclude the other co-tenants.[1]

█ A contract of purchase is not a written instrument under which color of title can be based in order to gain title within seven years pursuant to Section 78–12–8, U.C.A.1953.[2]

█ As against Emarie and Kathleen the seven-year period would begin to run only from the delivery of the so-called guardian's deed, which could not be prior to August 18, 1965, the date of execution of the deed. This suit was commenced within seven years thereafter, to wit, on September 17, 1971, which would be five years, eleven months, and twelve days after the execution of the deed.

█ The question of whether the statute of limitations has run against Virginia would depend on whether and when, if at all, she became competent, since the period of incompetency is excluded from the running of the statute.[3] Also the question of whether Mrs. Bosh has complied with the requirements of Section 78–12–11, U.C.A.

1953, should be determined, since her possession is not founded upon a legally sufficient written instrument.

At trial there will be other issues if these appellants prevail, as they now claim they can. At least there are material issues which cannot be determined by summary judgment.

The summary judgment is reversed and the case remanded for further proceedings not inconsistent with this decision. Costs are awarded to the appellants.

CALLISTER, C. J., and HENRIOD and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring specially):

I concur in the decision except: It seems to me that the possession of the property by Mrs. Bosh, and her claim of ownership therein, was founded upon "written instruments," to wit, the contract of purchase; and the deeds. I think that there are circumstances in which possession and claim of ownership under a contract of purchase would be deemed color of title against adverse third parties. See 2 C.J.S. Adverse Possession Sec. 93, Note 39, citing cases including Cooper v. Carter Oil Co., 7 Utah 2d 9, 316 P.2d 320; also in accord, see 3 Am.Jur.2d, Adverse Possession, Secs. 111 and 120.

With the above reservations, I concur with the decision and the remand for a plenary trial of the issues, including those correctly identified and set forth in the main opinion.

1. 3 Am.Jur.2d, Adverse Possession, § 173.

2. Central Pac. Ry. Co. v. Tarpey et al., 51 Utah 107, 168 P. 554 (1917).

3. Section 78–12–21, U.C.A.1953.